## JOHNSON

v.

## OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.

2003-Ohio-3891.]

Court of Claims of Ohio.

No. 2002–10984–AD.

Decided July 11, 2003.

---

John A. Johnson, plaintiff, pro se.

Gregory C. Trout, Chief Counsel, Department of Rehabilitation and Correction, for defendant.

DANIEL R. BORCHERT, Deputy Clerk.

## FINDINGS OF FACT

{¶ 1} Plaintiff, John A. Johnson, an inmate incarcerated at defendant's Mansfield Correctional Institution ("ManCI"), has asserted that on or about September 10, 2002, he mailed a Smith/Corona typewriter out of the institution for repairs.

{¶ 2} Plaintiff further asserted that his Smith/Corona typewriter was repaired and shipped back to ManCI on or about November 14, 2002. Plaintiff explained that ManCI personnel confiscated the typewriter and denied any access to the property.

{¶ 3} Consequently, plaintiff filed this complaint seeking to recover $175, the replacement value of the confiscated Smith/Corona typewriter, plus $25 for filing-fee reimbursement. At the time plaintiff filed this complaint, the typewriter was in the possession of defendant's employees.

{¶ 4} Defendant acknowledged confiscating a Smith/Corona typewriter. The typewriter was confiscated due to a dispute over proper ownership of the appliance. Defendant issued a conduct report to plaintiff, charging him with possession of contraband. The conduct report was heard by defendant's Rules Infraction Board ("RIB"), and plaintiff was found guilty of possession of contraband. The guilty finding was upheld on appeal. Despite the rulings regarding

contraband possession, the confiscated typewriter was subsequently returned to plaintiff's possession on April 16, 2003, based on a ruling of defendant's Managing Officer reversing the RIB decision.

{¶ 5} On December 9, 2002, plaintiff filed an informal complaint regarding the disposition of his Smith/Corona typewriter, which had apparently been stored under defendant's control for approximately twenty-five days. Defendant answered this informal complaint on December 10, 2002, indicating that the Smith/Corona typewriter was being held pending plaintiff's ability to supply proof of ownership. Plaintiff filed this complaint on December 20, 2002, requesting damages for the replacement value of his seized property and filing fees. Subsequently, a conduct report dated December 31, 2002, charging plaintiff with contraband possession in connection with the typewriter was issued. Additionally, a contraband-control slip for the typewriter dated December 31, 2002, was filed. The conduct report for contraband possession was reviewed on January 30, 2003. Appeals of this review ensued. Plaintiff is seemingly trying to contend that his right to due process was delayed or denied after his typewriter was seized. Consequently, plaintiff has maintained that he was forced to file a lawsuit in this court to force defendant to respond and resolve the issue regarding his seized property. Therefore, plaintiff argued that he is entitled to some damages ensuing from defendant's purported delay.

{¶ 6} On June 12, 2003, plaintiff filed a response to defendant's investigation report. Plaintiff asserted that the conduct report and following RIB action were initiated and continued as retaliatory tactics in response to filing this property-loss claim in this court.

## CONCLUSIONS OF LAW

{¶ 7} The issues grounded in plaintiff's action involve denial and delay in due process for a property deprivation. This court lacks subject-matter jurisdiction over alleged violations of constitutional rights and claims arising under Section 1983, Title 42, U.S.Code. *Bleicher v. Univ. of Cincinnati* (1992), 78 Ohio App.3d 302, 604 N.E.2d 783. In the instant claim, plaintiff chose the wrong forum to pursue this action.

{¶ 8} Concomitantly, any claims involving retaliatory conduct are not cognizable in this court. In *Deavors v. Ohio Dept. of Rehab. & Corr.* (May 20, 1999), Franklin App. No. 98AP–1105, 1999 WL 333327, the court held that an inmate's claims regarding retaliatory conduct are properly classified as constitutional claims actionable under Section 1983, Title 42, U.S.Code.

{¶ 9} Since plaintiff's underlying claim is not cognizable in this court, plaintiff may not recover any expenses incurred in prosecuting this claim. Consequently, plaintiff's request for filing-fee reimbursement is denied.

{¶ 10} Having considered all evidence presented and for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED with prejudice for lack of subject-matter jurisdiction. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

Claim dismissed.